**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Herman UEBER, Defendant-Appellant.**

**No. 14530.**

United States Court of Appeals Sixth Circuit.

June 4, 1962.

George W. Tobias, Detroit, Mich. (Leithauser, Leithauser & Tobias, Detroit, Michigan, on brief), for defendant-appellant.

Marvin S. Shapiro, Dept. of Justice, Washington, D. C. (William H. Orrick, Jr., Asst. Atty. Gen., Lawrence Gubow, U. S. Atty., Morton Hollander and Marvin S. Shapiro, Attys. Dept. of Justice, Washington, D. C., on brief), for plaintiff-appellee.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This case involves an appeal by Herman Ueber from a judgment against him in the amount of $158,900.00, entered in an action wherein he, and others, were charged with violation of the False Claims Act (Title 31, U.S.C.A. § 231). By our previous opinion in the cause, United States v. Ueber, 6 Cir., 299 F.2d 310, we remanded it to the District Court for further findings of fact, the case having been heard by the District Judge without a jury. Such opinion will disclose in more detail the factual situation

involved. We directed that in making such findings the District Judge apply the rule that in such a case as this, involving charges of fraud and false claims, the burden was on the United States to prove the essential elements of its case "by clear, unequivocal and convincing evidence."

The violation of the False Claims Act charged was the alleged causing to be submitted to the United States of false vouchers wherein the work of some of the employees of Ueber Tool & Manufacturing Co. was charged as direct labor; whereas, in fact, such work was indirect labor for which no charge was to be made.

The District Judge has now made and caused to be returned here as a supplemental record, his Supplemental Findings of Fact and Conclusions of Law. We quote them as follows:

> "These findings and conclusions are made pursuant to the remand of this cause to this Court by the Court of Appeals, and are to be considered with reference to all the findings of fact heretofore made by this Court.

> "The burden of proving fraud was on the Government and fraud must be proved by clear, unequivocal and convincing evidence. The evidence adduced at this trial in support of the fraud was not only clear, unequivocal and convincing but was such as to amount to proof beyond a reasonable doubt—this latter, of course, being in excess of the requirement.

> "The foregoing has application to each of the findings heretofore made by me, including those as to the labor being indirect rather than direct; those as to knowledge of this by Ueber and by Ueber Company; those as to knowledge by Ueber and Ueber Company that the vouchers which they caused to be submitted for payment were false and fraudulent; and also the findings as to said vouchers that Ueber and Ueber Company caused them to be submitted with intent to defraud the government."

■ We now consider whether such findings of fact are clearly erroneous (Rule 52(a) F.R.Civ.P., 28 U.S.C.A.) when tested by the government's burden of establishing such facts by clear, unequivocal and convincing evidence. No authority has been cited to support defendant-appellant's present claim that our reviewing prerogative is not, under the applicable rule, restricted by the "clearly erroneous" rule. We find none by our own research, nor do we find reason to disregard the "clearly erroneous" rule under the circumstances here.

■ ■ The three employees whose work was involved gave full description of their work and duties. There was ample evidence that Baitinger was the supervisor of a substantial number of die makers and others who were doing the work necessary to perform the subcontracts with Kaiser and Chase. The work of Shirilla and Wilber was described variously as clerical, planning and engineering, shipping and receiving, with some minor deviations. There was a conflict in opinions expressed by Ueber, himself, and other witnesses, expert and non-expert, as to whether the work of such employees was properly chargeable as direct labor. Witnesses gave opposing definitions of direct labor, indirect labor and overhead, with differing interpretations of relevant language of the subcontracts. The District Judge, we assume, gave credence to such of the conflicting evidence as supported his findings of fact. Such was his prerogative and we find substantial evidence to support him. He found that Ueber caused the challenged charges to be made and that he knew of the falsity of what was being done. We are not persuaded that his findings of fact were clearly erroneous (Rule 52(a)). Neither are we "left with the definite and firm conviction that a mistake has been committed," Orvis v. Higgins, 180 F.2d 537, 539 (C.A.2, 1950). The factual inferences drawn by the District Judge are likewise immune from being set aside

unless clearly erroneous, Commissioner v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218. We do not find them so.

All other questions raised by Ueber's appeal were disposed of in our previous opinion. The judgment of the District Court is affirmed.